## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

WILLIE BANKS

No. 2:24-cr-00068-LEW

### MOTION FOR LEAVE TO DISMISS INDICTMENT

An evidentiary hearing on the renewed motion for sanctions is currently set for August 12, 2026. In preparation for the upcoming hearing, the government located a document constituting a witness statement that should have been produced to the defendant before or at the suppression hearing, consistent with the Jencks Act and Federal Rule of Criminal Procedure 26.2.[1] As detailed below, the government first identified its prior failure to disclose the document and provided the document to defense counsel in July 2026—after both the suppression hearing in January 2025 and the sanctions hearing in June 2026. Because the government recognizes the importance of its disclosure obligations, and because the government fell short of its disclosure obligations in this case, the government seeks leave to dismiss the indictment with prejudice, pursuant to Federal Rule of Criminal Procedure 48(a).

---

[1]    "The Jencks Act, 18 U.S.C. § 3500, in concert with Fed. R. Crim. P. 26.2, controls the production of certain witness statements in the government's possession." *United States v. Marrero-Ortiz*, 160 F.3d 768, 775 (1st Cir. 1998). The procedures of Rule 26.2 apply at trials as well as suppression hearings. Fed. R. Crim. P. 26.2(g). Even so, the Jencks Act and Rule 26.2 are not pretrial discovery tools, and the defendant is not entitled to receive materials related a particular witness until that witness has testified on direct examination. *United States v. Padilla-Galarza*, 990 F.3d 60, 78 (1st Cir. 2021).

In September 2024, Westbrook Police Detective Jeff Stackpole sent Assistant United States Attorney Peter Brostowin an email attaching a document that Detective Stackpole had written after reviewing the defendant's motion to suppress. In the document, Detective Stackpole mentioned Maine Drug Enforcement Agency Agent Phil Robinson's standing access to the neighbors' surveillance camera, stating in pertinent part that Agent Robinson had watched the defendant on the camera "for a long time." The document authored by Detective Stackpole is attached as Exhibit One.

AUSA Brostowin reviewed Exhibit One with Detective Stackpole in advance of Detective Stackpole testifying at the suppression hearing in January 2025. Due to inadvertent oversight, however, AUSA Brostowin failed to produce Exhibit One to the defendant before the suppression hearing. During the suppression hearing, AUSA Brostowin also unintentionally misstated that all documents had been produced in response to defense counsel's motion for Jencks material after Detective Stackpole had testified on direct examination. *See* Dkt. 35 at 16.

The government first identified Exhibit One as a document that should have been previously produced to the defendant on July 9, 2026. The significance of Exhibit One became clear only after AUSA Brostowin conducted a review of his prior emails with potential witnesses at the upcoming hearing and confirmed that Exhibit One mistakenly had not been provided before or during the suppression hearing in January 2025. On July 14, 2026, the government alerted defense counsel to the disclosure issue and produced Exhibit One to the defendant.[2]

---

[2]     During the sanctions hearing in June 2026, the Court asked Assistant United States Attorney Lindsay Feinberg whether the government had "no knowledge" of the relationship between Agent Robinson and the neighbors and Agent Robinson's standing access to the neighbors' surveillance camera until shortly before the government disclosed this information to

Federal Rule of Criminal Procedure 48(a) provides that the government "may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The "leave of court" requirement of Rule 48(a) is to protect defendants from prosecutorial harassment in bringing multiple successive indictments, and to allow courts to consider public interest, fair administration of criminal justice, and preservation of judicial integrity when evaluating motions to dismiss. *See United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988). Under the rule, "courts must grant leave to the government to dismiss an indictment … unless dismissal is 'clearly contrary to manifest public interest.'" *In re Ellis*, 356 F.3d 1198, 1209 (9th Cir. 2004) (quoting *Rinaldi v. United States*, 434 U.S. 22, 30 (1977)). *See also Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir. 2010) ("Put succinctly, a Rule 48 motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted.") (internal quotation marks omitted); *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1013 (8th Cir. 2001) ("The court is limited to assessing whether the government's motion is contrary to the manifest public interest because it is not based in the prosecutor's good faith discharge of her duties.").

Under the unique facts presented here, the government submits that dismissing the indictment is consistent with the manifest public interest and the fair administration of justice. The government's failure to produce Exhibit One to the defendant before or at

---

the defendant in May 2026, to which AUSA Feinberg responded, "[t]hat is accurate." *See* Dkt. 132 at 50. AUSA Feinberg also argued at the sanctions hearing that "[t]he U.S. Attorney's Office in good faith is engaged in the ongoing disclosure obligations that are required of it under the law." *See* Dkt. 132 at 38. At the time that AUSA Feinberg made these representations to the Court, AUSA Feinberg was unaware that Exhibit One existed or that Exhibit One had not been disclosed to the defendant. Nevertheless, the government acknowledges that AUSA Feinberg's statements were inconsistent with subsequent developments in the record and the government highlights these discrepancies now to ensure the accuracy of the record before the Court.

the suppression hearing was an unintentional oversight, and not a deliberate shirking of its disclosure obligations. Nevertheless, the government takes full responsibility for its error, which the government recognizes was discovered after the Court had already expressed concern about the appropriate disclosure of information in this case. The government also acknowledges the importance of scrupulous compliance with its disclosure obligations, and the government is taking steps to address the issues that led to it falling short of its disclosure obligations in this case. Because the government's failure to disclose the document in a timely fashion has undermined its singular goal of pursuing a fair and just resolution in every criminal case, the government submits that the continued prosecution of the defendant is no longer in the interests of justice and, therefore, moves for leave to dismiss the indictment with prejudice.

Counsel for the defendant has informed government counsel that the defendant does not object to this motion.

Dated:  July 17, 2026                    Respectfully submitted,


 /s/ Andrew B. Benson
Andrew B. Benson
United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, 6th Fl.
Portland, ME  04101
(207) 780-3257
andrew.benson@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2026, I electronically filed or caused to be filed the Motion for Leave to Dismiss Indictment with the Clerk of Court via CM/ECF, which will send notification of such filing to all parties of record.

        */s/ Andrew B. Benson*
        Andrew B. Benson
        United States Attorney
        U.S. Attorney's Office
        100 Middle Street Plaza, 6th Fl.
        Portland, ME  04101
        (207) 780-3257
        andrew.benson@usdoj.gov